Cmmonwealth of Pennsylvania, *ex. rel.* Charlemagne Tower, *versus* David P. Thompson, Treasurer and Collector of Porter Township.

Same *versus* Cyrus Moore, Treasurer of Schuylkill County.

Commonwealth of Pennsylvania, *ex. rel.* The Philadelphia and Reading Coal and Iron Company, *versus* Henry Rowe, Treasurer and Collector of Porter Township.

Same *versus* David P. Thompson, Treasurer and Collector of Porter Township.

1. Under the provisions of the Acts of April 7th 1869, and February 27th 1872, commissioners were appointed to lay out a state road. The road was to be made at the expense of the adjacent owners, and the commissioners were authorized to issue certificates of indebtedness to persons advancing money for its construction, which certificates were to be paid out of the road taxes. The road was constructed and the certificates issued, and in 1874 that portion of the act providing that the road should be built at the expense of the adjacent owners, was repealed. Application was made to the treasurer and collector of the township, and the treasurer of the county, by holders of these certificates, to obtain payment, which was refused, when the holders petitioned the court for writs of mandamus, to compel payment. The court below refused the mandamus. *Held* (affirming the court below,) that the certificate holders should have brought suit against the supervisors of the town-

[Commonwealth v. Thompson.]

ship, as provided by the Act of April 15th 1834, and after judgment against them a writ of mandamus might go out against the township treasurer.

2. *Undecided*, whether the relators would be entitled to a mandamus against the proper township officers without first obtaining judgment.

3. *It seems*, that after judgment against the supervisors, mandamus might lie against the county treasurer to the extent of the taxes in his hands, payable to the supervisors.

4. Thompson v. Commonwealth, 31 P. F. Smith 314, reviewed.

March 19th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Schuylkill county*: Of January Term 1878, No. 176, 179.

These were petitions for writs of mandamus. The petitions set forth that by an Act of Assembly, entitled " An act for the making of a state road in the counties of Schuylkill and Dauphin, approved the 7th of April 1869," Pamph. L. 738; commissioners were appointed to view and lay out a state road, from a point in Porter township, Schuylkill county, to Williamstown, in Dauphin county.

By the 3d section of said act it was provided that the said state road should be opened and constructed by the supervisors of the said townships, at the expense of the individuals or companies owning or occupying lands through which the said road shall be laid out, or continuous or adjacent thereto ; and this to embrace also in said Porter township all the lands north of the road, up to the north line of said township ; provided that no such individual or company shall be compelled to pay or contribute for that purpose, any further quota or other sum, than such road taxes as are or may be assessed, at the rate and in common with the lands and property of others in the respective township, upon the lands aforesaid or the property thereon.

That by a supplement to said Act of Assembly, approved the 27th of February 1872, Pamph. L. 171, the aforesaid commissioners were authorized and directed, in the place of the respective township supervisors, to take charge of and carry through the opening and construction of the said state road.

That by the said Acts of Assembly a certain portion of the road taxes, levied and assessed upon lands therein described, was set apart and appropriated to the payment of the expenses incurred in opening said road, and to the payment of the certificates authorized to be issued by said Acts of Assembly to the owners of lands advancing money to defray the expenses of opening the said state road. The collector of road taxes was also directed to credit the taxes due upon any of said lands, upon said certificates, when so requested by the owner of said lands.

That the commissioners accepted the said appointment under the aforesaid act; that immediately thereafter they entered upon the discharge of their duties as such commissioners, and viewed and laid out said road as provided by said act.

[Commonwealth *v.* Thompson.]

That for the purpose of opening and constructing said road and paying the contractors, the commissioners borrowed a large amount of money upon certificates, or obtained an advance of large amounts of money for which the commissioners gave certificates, according to the second section of the said supplemental act, and that a large number of said certificates, amounting to $25,000 or thereabouts, are outstanding and unpaid, and that such certificates to a large amount are held and owned by Charlemagne Tower.

It is further averred, in the petition of Charlemagne Tower, in the action against David P. Thompson, that the said Thompson, as the collector of road taxes and treasurer of the said township of Porter, had collected in cash a large amount of taxes, which is applicable under the Act of Assembly to the payment of said certificates, and which was collected by said Thompson from the taxes levied and paid to him from and upon the lands and other property which were appropriated by the said Act of Assembly for the making and opening of said state road, and which it was his duty to pay over to the said Tower upon his certificates aforesaid. That after demand made, Thompson refused to pay the said money over to the holder of said certificates as aforesaid.

In the petition of Tower in the action against Cyrus Moore, it is averred that the said Moore, as the treasurer of Schuylkill county, had collected in cash a large amount of taxes, which is applicable under the Act of Assembly to the payment of said certificates, and which was collected by said Moore from taxes levied and paid to him from and upon the lands and other property, which were appropriated by the said Act of Assembly for the making and opening of said state road, and which it was his duty to pay over to the said Tower upon his certificate as aforesaid. That after demand made upon him Moore refused to pay the said money over to the holder of said certificate.

In the petition of The Philadelphia & Reading Coal and Iron Company against Henry Rowe, it is averred that the said company being liable for certain road taxes in said township of Porter, which were applicable under said Act of Assembly to the payment of the said certificates, and being the holder of one of said certificates, did present the said certificate to Henry Rowe, collector of road taxes for Porter township, and demanded that he the said Rowe credit said taxes on said certificate, as required by the said Acts of Assembly, but that the said Rowe refused to receive the said certificate in payment of said taxes or to credit the taxes thereon.

In the petition of The Philadelphia and Reading Coal and Iron Company against David P. Thompson, the same averment is made as to said Thompson as is above set forth in relation to Rowe.

The petitioners, at the relation of Tower, prayed for a mandamus to compel payment and at the relation of the Reading Railroad to compel the credit of the taxes to be given.

[Commonwealth v. Thompson.]

Writs of alternative mandamus issued and the respondents filed their several answers, wherein they averred that the relators were not entitled to writs of mandamus, because they had an adequate remedy at law; that for reasons stated the Acts of Assembly, under which these claims were made are unconstitutional, and that the third section of the Act of 1869, and the entire Act of 1872, were repealed by the Act of June 7th 1874, Pamph. L. 306.

To these answers the relators severally demurred, and the court overruled the demurrers and refused the petitions. The relators then took these writs, assigning this action for error.

*G. R. & S. H. Kaercher, J. W. Ryon* and *James Ryon*, for plaintiffs in error.

*Hughes & Farquhar* and *William R. Smith*, for defendants in error.

Mr. Justice PAXSON delivered the opinion of the court, May 5th 1878.

The above cases were argued together, and may be considered in one opinion. Upon petitions filed by the plaintiffs the court below directed an alternative writ of mandamus to issue in each case. The defendants filed answers denying upon the grounds therein set forth the right of the plaintiffs to said writ. To these answers the plaintiffs demurred, and after argument the writs of peremptory mandamus were refused, to which ruling the plaintiffs excepted, and have assigned the same here for error.

The two suits at the relation of Charlemagne Tower were brought to compel the treasurer of Schuylkill county, and the collector and treasurer of Porter township, to pay over all the taxes and moneys in their hands respectively arising from the lands and property which were appropriated by the Act of 7th of April 1869, Pamph. L. 738, and its supplement of 27th of February 1872, Pamph. L. 171, to the making of a state road in the counties of Schuylkill and Dauphin; the said Tower having advanced to the commissioners named in said Act and supplement, and in accordance with the provisions thereof, a large amount of money, for which he holds the certificates of said commissioners, and for which he now claims to be repaid.

The two suits at the relation of the Reading Coal and Iron Company were against the treasurer and collector of Porter township, to compel him to credit the amount of taxes due by said company upon certificates held by them for money advanced toward the construction of said road under said act and supplement.

An attempt was made in a previous case (Thompson v. The Commonwealth, 31 P. F. Smith 314), by the commissioners named in the Acts of 1869 and 1872, to compel by mandamus the same parties

[Commonwealth *v.* Thompson.]

to pay over the taxes collected by them to the holder of the certificates. We reversed the order of the court below awarding a writ of peremptory mandamus in that case, upon the ground that the Act of 9th of June 1874, Pamph. L. 306, having repealed the 3d section of the Act of 7th of April 1869, and the whole of the Act of 27th of February 1872, the office of commissioners was thereby abolished, and they had no standing in court to enforce the claims of the certificate holders. It was held, however, that the repeal did not affect the contracts of those advancing money on the pledge of the fund appropriated by the Act of Assembly to the payment of the certificates. And as to the remedy it was said: "Under the constitutional provision forbidding the impairing of contracts, they were * * * unaffected by the repeal; and their remedy against the township is ample by suit, and against the township supervisors and treasurer, and the county treasurer by mandamus." All that was intended by this remark, and all that its language fairly implies, was that the certificate-holders, assuming their claims to be valid, could enforce them against the township, as other creditors are by law allowed to do. This is by suit against the supervisors: Act of 15th April 1834, Pamph. L. 538. After judgment a writ of mandamus may go out as provided by the 6th and 7th sections of said act. We do not now decide whether the relators would be entitled to their mandamus against the proper township officers without first obtaining judgment. It is clear that this proceeding is not against proper parties; the omission of the supervisors is fatal. The 96th section of the Act of 15th of May 1834, requires the township treasurer to pay all moneys received by him from taxes or otherwise on orders drawn by the supervisors of the township, and as has already been said by the 5th section of the same act, all suits by or against the township must be in the name of the supervisors. The latter are the officers upon whom the duties of the commissioners were devolved by the repeal of the act creating said commissioners, and before the township can be required to pay the certificates or to credit the taxes upon them, it must have an opportunity to defend, which can only be done by making the supervisors parties. The township may or may not have a defence. We cannot anticipate this, and, therefore, will decide no question in this proceeding which it would be entitled to raise in a suit against the supervisors.

The same reasoning applies with equal force to the case against the county treasurer. His duty is to pay out the moneys received by him upon the orders of the county commissioners: See sect. 37 of the Act of 1834; and to pay over taxes on unseated lands to the township supervisors: Act of March 30th 1811, 5 Sm. L. 251. The county treasurer has no means of information to enable him to set up a defence if one exists, or even to know if it exists, nor is he the proper officer to do so. The township supervisors

[Commonwealth *v.* Thompson.]

only can know of any defence to the payment of the money held by the county treasurer from taxes on unseated lands. After judgment against them mandamus might lie against the county treasurer to the extent of the taxes in his hands payable to the supervisors. It will be time enough, however, to decide this question when it arises.

> The proceedings in these cases not being against the proper parties, the order refusing the mandamus in each case is affirmed.