## Homan v. Mackey, Mayor, et al.

*Paul Reilly*, for complainant.

*James F. Ryan*, Assistant City Solicitor (with him *August T. Ashton*, City Solicitor), for respondents.

ALESSANDRONI, J., Aug. 15, 1928.—On Nov. 19, 1920, Theodore Homan, complainant, having concluded twenty years' service as an employee of the City of Philadelphia on Oct. 5, 1916, filed an application for a pension under the provisions of the Act of May 20, 1915, P. L. 566, and its supplements. He was furnished an application blank by the Pension Board containing the following statement: "In addition to the above, applicant must furnish to the Board of Pensions satisfactory proof of the date of birth as stated herein." Proof of date of birth not being deemed satisfactory by the board, the complainant was informed that additional proof would be required. Meantime, the application lay in abeyance. It was not until Feb. 18, 1927, the complainant furnished this additional proof, when he filed his own and his stepbrother's affidavits as to his age. Having done so, he claimed that the pension was due him from Nov. 19, 1920. The board decided that the complainant had not complied with the regulations of the board as to proof of birth at the time of his original application and that he should file a new application. The effect of this resolution was to consider the original application a nullity and to eliminate any consideration of the right of the complainant to pension between Nov. 19, 1920, and the date of the resolution. It is to recover the sum so represented that this action was brought.

The case was tried before a jury, to which was left the question as to whether or not the complainant had complied with the requirements of the Pension Board. It is not surprising that the jury disagreed. Complainant and respondents have filed motions for judgment upon the whole record, presenting briefs which were not prepared in accordance with Rule 87, each conveniently assuming that the other had the laboring oar. However that may be, these motions raise several questions. One of them is whether this is a proper case for mandamus proceedings. Another is whether the Pension Act of May 20, 1915, P. L. 566, as amended by the Act of July 5, 1917, P. L. 689, entitles the complainant to the back pension, despite his failure to furnish satisfactory proof of birth with the Pension Board at the time of the original application. A third is whether complainant is entitled to pension upon the original application as filed without the additional information required by the board.

A writ of mandamus is an extraordinary remedy and is to be used only where there is a well defined and specific legal right in the petitioner for which there is no other specific legal remedy: Com. *v*. Mitchell, 82 Pa. 343. There must be a specific legal right and the want of a specific legal remedy: Porter Overseers *v*. Jersey Shore Overseers, 82 Pa. 275. When the legal right has not been ascertained or a remedy exists sufficient to enforce the right claimed, the writ of mandamus will not be granted. It is a high prerogative writ, to be used rather as a last resort than a common mode of redress: Underwood *v*. Gendell, 227 Pa. 214.

In Com. *v*. Philadelphia, 176 Pa. 588, the court said: "Had the Board of Education at any time indicated that there was any defense to this claim, it is clear that there could be no remedy by mandamus, but only by suit prosecuted to judgment in the ordinary course of law, but they have not done so."

In Hester's Case, 2 W. & S. 416, the court said: "A mandamus will not be granted where there is a specific remedy by action. To determine whether the County Commissioners are bound to pay this bill, the party has a remedy by action. He must first sue the County Commissioners and recover against them before he can apply here for a mandamus." Accord, Com. *v*. Allegheny County Comm'rs, 16 S. & R. 317; Com. *v*. Thompson, 86 Pa. 442.

Under these cases, the complainant is not entitled to relief by mandamus, having failed to show a clearly defined legal right and the lack of an adequate remedy at law. The Pension Board makes the defense that the complainant has not filed a proper application and has not complied with the rules and regulations. The pleadings and the testimony raise questions of law as well as questions of fact. Until these questions are resolved into a clearly defined legal right of the complainant, a writ of mandamus cannot be invoked. There is an adequate remedy at law. Such an action, prosecuted to judgment against the Pension Board, would be determinative of the issues here raised. No satisfactory reason is offered by the complainant for not having had recourse to that remedy. There being neither a clearly defined legal right in the complainant nor the absence of an adequate remedy at law, the writ of mandamus must be refused.

This case, however, need not be decided on the propriety of the form of action employed. The substantive merits of the complainant's case do not entitle him to relief. His contention that the Pension Act of 1915, as amended by the Act of 1917, entitled him to a pension without furnishing the proofs required by the Pension Board when filing his application, or within a reasonable time thereafter, would nullify the manifest intention of the legislature of empowering the Pension Board to make such rules and regulations and to require such proofs as may be necessary for the proper administration of the fund. The proofs required are vital. The complainant's own declaration, unsupported by corroborating evidence in the form of documents, affidavits, etc., was properly held insufficient by the board. The application was, therefore, inchoate and incomplete. It might well have been definitely refused by the board. Their authority for so doing is set forth in section 2 of the Act of 1915, which provides: "It shall be the duty of said Board . . . to do such acts and make such reasonable rules in the premises as such Board may deem necessary to effectually carry into effect the provisions of this Act." Moreover, the rules and regulations of the board, the reasonableness of which are not questioned, provide in article XII, section 1, that applications for pensions be made on blank forms provided (by the board). Article XIII, section 1, states: "Upon receipt by the Board of Pensions of an application for pension properly executed and in due form, the secretary and actuary shall proceed

to an examination of the complete record of service of such applicant and submit said application to the Board of Pensions for approval or other action. Upon approval of the application, the beneficiary shall be entitled to retire from the city service."

It clearly appears, therefore, that an applicant is not entitled to pension until the proper application has been filed and approved by the board. No such application was before the board until Feb. 18, 1927. His right, if any, under the original application did not accrue until then. An examination of the record and review of the conduct of the board discloses no abuse of their functions under the act.

And now, to wit, Aug. 15, 1928, the writ of mandamus is dismissed and judgment is entered upon the whole record in favor of the respondent and against the complainant. An exception to this action of the court is hereby noted for the complainant.