# Commonwealth ex rel., Appellant, *v.* Barker.

*Municipalities—Ordinance—Form of ordinance—Appropriations.*

In passing an appropriation ordinance the councils of a municipality may put their mandate in any form they choose. All that is necessary is that the language should clearly express their intent to make an appropriation.

*Municipalities—Appropriations of money—Firemen's Relief Association—Constitutional law—Repeal of ordinance—Mandamus.*

An ordinance of a city appropriating money received from the state under the Act of June 28, 1895, P. L. 408, relating to the taxation of foreign insurance companies, to a firemen's relief association, does not violate article 9, sec. 7, of the constitution, prohibiting municipal appropriations for "any corporation, association, institution or individual." Such an appropriation, however, even if made generally, and not restricted to a particular year is revocable at the pleasure of the municipality, and if it is repealed, no mandamus will lie against the city treasurer to compel him to make any payments whatever under the ordinance. The question whether the repeal affects state moneys paid to the city in previous years, and not paid over to the association, is a matter for settlement in a suit directly against the city, and cannot be adjudicated in the mandamus proceedings.

Argued Feb. 20, 1905. Appeal, No. 263, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1905, No. 166 1-2 in mandamus proceedings in case of Commonwealth ex rel. Firemen's Relief Association *v.* Frank S. Barker, city treasurer, and M. T. Lavelle, city clerk of the City of Scranton. Before MITCHELL, C. J., DEAN, BROWN, POTTER, and ELKIN, JJ. Affirmed.

Mandamus against a city treasurer and city clerk.

From the record it appeared that the petition was filed to compel payments of money under an ordinance of the City of Scranton which was as follows :

" Sec. 1. Be it ordained by the Select and Common Councils of the City of Scranton, that all such sums of money as may be received by the City Treasurer in accordance with the Act of Assembly approved June 28th, 1895, be, and is hereby declared to be received for the benefit of the Scranton Firemen's Relief Association.

" Sec. 2. That the City Treasurer is hereby directed to en-

ter such sum, on the receipt thereof, under a special account, and to report the said amount annually to the City Clerk, who is hereby directed to issue warrants therefor in favor of the Treasurer of the Scranton Firemen's Relief Association, immediately after the receipt thereof, and on report to him of the City Treasurer.

" Sec. 3. That any ordinance or any part of ordinance conflicting with the provisions of this ordinance be and the same is hereby repealed so far as the same affects this ordinance.

" Approved March 17th, 1898."

The above ordinance was repealed in 1903, after the present proceedings were instituted.

Answers were filed to the petition and demurrers were filed to the answers.

The court in an opinion by NEWCOMB, J., entered judgment for respondents on the demurrers.

*Error assigned* was in entering judgment for the respondents.

*A. A Vosburg,* with him, *Charles W. Dawson,* for appellant. —The report to be made by the city treasurer, and the drawing of the warrant by the city clerk, were merely ministerial duties ; and the officers cannot raise the question of the unconstitutionality of the ordinance, or any objection as to its validity, as a reason for their refusal to obey the mandates of the ordinance: Dechert v. Com., 113 Pa. 229 ; Com. v. George, 148 Pa. 463 ; Com. v. Philadelphia, 176 Pa. 588 ; Black v. Chester, 175 Pa. 101; Erie v. Moody, 176 Pa. 478 ; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491, 190 Pa. 374 ; People v. Gleason, 8 N. Y. Supp. 728 ; 2 Beach on Pub. Corp. sec. 1573.

The ordinance of 1897 made a valid appropriation of all moneys derived from the state under the provision of the act of 1895, not only of such money then in the treasurer's hands, but as to that subsequently paid in ; and it was not necessary or proper to make an appropriation of this money yearly, in the annual appropriation ordinance : People ex rel. McCauley v. Brooks, 16 Cal. 11 ; Black v. Chester, 175 Pa. 101 ; Wade v. Oakmont Borough, 165 Pa. 479 ; City of Erie's App., 91 Pa. 398 ; Carr v. State, 11 L. R. A. 370 ; Humbert v. Dunn, 84

Cal. 57 (24 Pac. Repr. 111); Ristine v. State, 20 Ind. 328; People v. Miner, 46 Ill. 384; Com. ex rel. v. Gregg, 161 Pa. 582; Thomas v. Owens, 4 Md. 189; Green v. Purnell, 12 Md. 329; State v. Hickman, 8 L. R. A. 403.

The ordinance of 1897 is constitutional: Lancaster Fireman's Relief Assn. v. Rathfon, 18 Lanc. Law Rev. 273; Speer v. School Directors, 50 Pa. 162; Sharpless v. Philadelphia, 21 Pa. 147; Brooke v. Philadelphia, 162 Pa. 123; Tagg v. Philadelphia, 18 W. N. C. 79.

Firemen and police officers stand in exactly the same relation to the city government. They are both municipal officers, but as they are charged with a public service, they are therefore not the agents of the city which appoints them: 1 Beach on Public Corp., secs. 744, 745; as to firemen, see Kies v. Erie, 135 Pa. 144; as to Policemen, see Perkins v. New Haven, 53 Conn. 214 (1 Atl. Repr. 825); Ogg v. City of Lansing, 35 Iowa, 495: Norristown v. Fitzpatrick, 94 Pa. 121.

The repeal of the ordinance after the receipt of this money by the city treasurer, and after these proceedings had been begun, cannot affect the rights of the appellants, because these rights had already vested as to the money then paid: Stewart v. Harriman, 56 N. H. 25; James v. DuBois, 16 N. J. L. 285; Dash v. Van Kleeck, 7 Johns (N. Y.), 477.

*David J. Davis*, city solicitor, with him, *H. R. Van Deusen*, assistant solicitor.—The municipalities having only such powers as are conferred by the legislature, we contend that there is no authority vested in the city by virtue of any act of assembly, or by its charter, that authorizes such an expenditure of money, as is attempted in this case: Gas & Water Co. v. Dowingtown, 175 Pa. 341; Millerstown Boro. v. Bell, 123 Pa. 151; Com. v. Moir, 199 Pa. 534.

Unless expressly authorized by charter or statute, a municipal corporation cannot appropriate or give away the public money as pure donations to any person, corporation or private institution not under the control of the city, and having no connection with it: 1 Dillon's Mun. Corp. sec. 149; Com. v. Pittsburg, 183 Pa. 202; Wilkes-Barre City Hospital v. Luzerne County, 84 Pa. 55.

That a municipality is unauthorized to expend funds in

the manner provided for in this ordinance, see Webster v. Hopewell Boro., 19 Pa. Superior Ct. 549 ; Com. v. Gingrich, 21 Pa. Superior Ct. 286 ; McKean Co. v. Young, 41 Pa. Superior Ct. 581 ; Cumberland Co. v. Poor Directors, 7 Pa. Superior Ct. 614 ; Commonwealth v. Walton, 182 Pa. 373.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 1, 1905 :

The petition for mandamus asked for the writ against the city treasurer and the city clerk jointly. These officers, however, have separate duties and are in no wise responsible for each other. The writ asked for therefore was clearly ir-. regular, and could not be granted. But appellant has now with leave amended its petition and the subsequent proceedings by striking out the name of the city clerk, and electing to proceed against the city treasurer alone.

The ordinance in question was a valid and sufficient appropriation of the fund to the use of appellant, at least for the current year of its passage. The treasurer is directed to enter the sum received from the state under a special account and to report the amount annually to the city clerk who is directed to issue warrants therefor in favor of the appellant. All the essentials of a valid appropriation are here, and in the absence of a constitutional or legislative restriction as to form the city councils may put their mandate in any form they choose. All that is necessary is that the language should clearly express their intent to make an appropriation: Com. ex rel. v. Gregg, 161 Pa. 582.

It is contended that the ordinance if regarded as an appropriation for future years contravenes art. VI, sec. 10 of the Act of May 23, 1889, P. L. 277, requiring councils to make annual appropriations. The several departments of the city government are required to make report before the commencement of each fiscal year of the probable receipts and expenditures, and councils are prohibited from making appropriations for other purposes, until the " necessary expenses " of the city are provided for. On the other hand, it is argued that this restriction is intended to apply only to ordinary annual expenses, and that in the present case there is not the creation of any city debt or obligation beyond its current income, as the appropriation is only of so much as the city may receive each year

from the state. As the case is to be decided on other grounds we express no opinion on this point.

The objection that the ordinance is in violation of article IX, section 7, of the constitution prohibiting municipal appropriations for " any corporation, association, institution or individual " is not tenable. The history and scope of that provision of the constitution are fully and clearly set forth in Com. ex rel. Police Pension Fund Assn. v. Walton, 182 Pa. 373, where it was said by the late Chief Justice STERRETT that " no strictly legitimate municipal purpose was intended to be prohibited," and if councils " were satisfied, as they doubtless were, that the distribution of the fund would be better effected through the agency of the association than by an agency of their own creation, they had a right to so provide." This language could not have been more appropriate to the case at bar if it had been written for it. The protection of the city from fire is a municipal function of the highest importance, and as said in the case just cited " a judiciously administered pension fund is doubtless a potent agency in securing the services of the most faithful and efficient class of men." At the time of the passage of the ordinance the city had no paid fire department and the appellant association was performing that part of the city's municipal functions. The fact that it was doing so voluntarily did not make it any the less eligible for appointment as the city's agent in that regard.

Notwithstanding these considerations favorable to the appellant, we are obliged to affirm the judgment on the ground that the ordinance has been repealed. The learned judge below held that the appropriation to the appellant by the ordinance, even if a valid appropriation, was only a gift so far executory that it was revocable at any time before actual payment of the money, and the repeal terminated the donee's rights whatever they had been before. The ordinance, however, was not repealed, until October 24, 1903, after the institution of this suit, and appellant contends that at least as to the previous years the repeal could not affect its rights. This question can only be decided in a direct issue between the appellant and the city. The present proceeding is a mandamus to the respondent as city treasurer, to perform a duty claimed by appellant to be ministerial and imperative belonging to his

office.   But at the time judgment was asked against the respondent there was no such duty upon him.   It existed only by virtue of the ordinance and the ordinance was no longer in force.   Whether the city could terminate appellant's rights by the repeal can only, as already said, be settled in a suit directly against it, but respondent cannot be commanded in this proceeding to perform a duty which no longer exists.   Whatever appellant's rights may be, therefore, they cannot be enforced in this form of action.   The judgment must be affirmed on this ground.

Judgment affirmed.