# Underwood, Appellant, v. Gendell.

*Mandamus—Right to the writ—Remedy—Municipal contract—Bond—Limitation of action.*

1. In order to obtain a writ of mandamus the applicant must have a right to enforce which is specific, complete and legal, and for which there is no other specific legal remedy; and it will never be granted in cases where if issued, it would prove unavailing.

2. Where an ordinance of a city provides that municipal contractors shall execute bonds to the city for the protection of subcontractors, and also provides that the subcontractor shall indemnify the city against costs before bringing suit, and that no suit on such bonds can be brought after two years from the date of the bonds, a subcontractor is not entitled after the expiration of the two years to a writ of mandamus to compel the city solicitor to approve a bond of indemnity against costs tendered by the subcontractor.

3. A provision in a city ordinance that no suit shall be brought on a bond given to the city by a contractor to secure subcontractors, after the expiration of two years from the date of the bond, is not unreasonable, and applies to all subcontractors whose right of action accrued after the passage of the ordinance.

Argued Jan. 13, 1910. Appeal, No. 267, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 804, overruling demurrer to return to writ of alternative mandamus in case of William I. Underwood v. J. Howard Gendell, City Solicitor of the City of Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus.
The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant on the demurrer.

*Horace M. Rumsey*, for appellant.—The act of the city solicitor, in approving a bond to indemnify the city against costs, on a suit by a subcontractor or material man, on the penal bond given by the original contractor to the city of Philadel-

phia, for the protection of subcontractors and material men, under the terms of the ordinance of March 30, 1896, is a ministerial act and he has no discretion in performing said duty: Smyth v. Titcomb, 31 Me. 272; Breslin v. Earley, 36 Pa. Superior Ct. 49.

The limitation in the ordinance of March 30, 1896, requiring the penal bond to be given, which provides that "no suit shall be brought upon the same after the expiration of two years from its date," is invalid: Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355; Livingston v. Wolf, 136 Pa. 519; Kneedler v. Norristown, 100 Pa. 368; Com. v. R. R. Co., 23 Pa. Superior Ct. 205; Commissioners v. Gas Co., 12 Pa. 318.

All limitation acts must allow to claimants a reasonable opportunity to assert their rights in court, and one entirely and manifestly unreasonable in the time it gives, is void: Cooley on Constitutional Limitations (2d ed.), pp. 340, 341; Pereles v. Watertown, 6 Biss. 79; Hart v. Bostwick, 14 Fla. 162; Berry v. Ransdall, 4 Metc. (Ky.) 292; Ludwig v. Steward, 32 Mich. 27; Coxe v. Martin, 44 Pa. 322.

The remedy given must be one which recognizes and gives effect to the obligation of the contract, when the wrong grows out of the nonperformance of contract, and it must in any case be a remedy calculated to give redress, and not merely colorable: R. R. Co. v. Hecht, 95 U. S. 168; Tennessee v. Sneed, 96 U. S. 69; McCracken v. Hayward, 43 U. S. 608; Cooley on Constitutional Limitations (2d ed.), p. 341; Terry v. Anderson, 95 U. S. 628; McGahey v. Virginia, 135 U. S. 662; Wheeler v. Jackson, 137 U. S. 245 (11 Sup. Ct. Repr. 43); Phila. to use v. Pierson, 211 Pa. 388.

*Ernest Lowengrund,* with him *J. Howard Gendell,* City Solicitor, for appellee.—The limitation was proper: Barber Asphalt Paving Co. v. Erie, 203 Pa. 120; Ins. Co. v. Candle Co., 31 Pa. 448; Hocking v. Ins. Co., 130 Pa. 170; Ins. Co. v. Spring Imp. Co., 100 Pa. 137.

The authorities are numerous and uniform that the court will not issue a fruitless writ, and compel the performance of an act where no benefit will result to the applicant or relator: High

on Extraordinary Remedies, sec. 14; Com. v. Handley, 106 Pa. 245; Com. v. Phila. Comrs., 6 Whart. 476; Com. v. Anthony, 4 W. & S. 511:

OPINION BY MR. JUSTICE POTTER, February 14, 1910:

This is an appeal from the refusal of the court below to grant to the plaintiff a writ of peremptory mandamus, against J. Howard Gendell, city solicitor of Philadelphia. The petition averred that one George W. Pierson, on February 27, 1901, entered into a contract with the city of Philadelphia to erect a schoolhouse, and on the same date executed a bond to the city, with the Lincoln Savings & Trust Company as surety, conditioned for compliance by the contractor with the provisions of the ordinance of councils of March 30, 1896. The ordinance provides for a penal bond conditioned that the principal contractor shall "promptly make payment to all persons supplying him with labor and materials, whether as a subcontractor or otherwise, in the prosecution of the work provided for in such contract." It is further provided: "Any person or persons making application therefor, and furnishing affidavit to the Department or Bureau, under the direction of which said work is being or has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of such contract and bond, upon which said person or persons supplying such labor and materials, either as a subcontractor or otherwise, shall have a right of action, and shall be authorized to bring suit in the name of the City of Philadelphia for his or their use and benefit against said contractor and sureties, and prosecute the same to final judgment and execution. Provided, That such action and its prosecution shall involve the City of Philadelphia in no expense, and that the person or persons so authorized to bring suit shall first furnish such indemnity to the City of Philadelphia against costs as shall be approved by the City Solicitor. Provided, also, That such bond shall contain a condition that no suit shall be brought upon the same after the expiration of two years from its date."

It appears that the principal contractor obtained certain millwork and materials from the plaintiff, upon which a balance remains unpaid. Desiring to bring suit therefor, the plaintiff, by his attorney, submitted to the defendant, J. Howard Gendell, who was city solicitor, for his approval, an indemnity bond prepared in accordance with the ordinance of March 30, 1896, with the United States Fidelity & Guaranty Company as surety, but the defendant refused to receive or approve the same, for the reason that the time within which under the ordinance suit might be brought upon the contractor's bond, had expired; and the bond was therefore ineffective and void. The petitioner prayed for a writ of alternative mandamus, commanding the defendant to receive the bond so tendered, and approve the same, or show cause why he should not do so.

A writ of alternative mandamus was granted, and the defendant filed a return, in which he admitted the facts averred in the petition, and that the surety on the bond was satisfactory to him, and stated that his sole reason for refusing to approve it, was that at the time his approval was requested, more than two years had elapsed since the date of the contractor's bond, and submitting that his refusal for that reason was proper.

A demurrer to the return was overruled by the court below, and judgment was ordered to be entered for the defendant, and the writ of peremptory mandamus was refused. We think this action was proper. "In order to obtain a writ of mandamus the applicant must have a right to enforce which is specific, complete and legal, and for which there is no other specific legal remedy:" Heffner v. Com., 28 Pa. 108, 112.

"Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant:" Com. v. Kessler, 222 Pa. 32, 35.

The right of action upon the bond in question is plainly limited to a period of two years from its date, and the petition of the relator shows that he failed to bring his suit within that time, and he has, therefore, no right of action upon the contractor's bond. It would avail him nothing, if the city solicitor

should approve his bond in this proceeding. Why should the city solicitor then be required to do a vain thing?

"It is a fundamental principle of the law of mandamus that the writ will never be granted in cases where if issued, it would prove unavailing:" High on Extraordinary Legal Remedies (3d ed., 1896), sec. 14.

"Where the right is, or will become, a mere abstract right, the enforcement of which, by some change of circumstances, can be of no substantial or practical benefit to the petitioner, mandamus will be denied:" 26 Cyc. L. & Pr. 156.

Counsel for appellant contends that the provision in the ordinance limiting the right to sue upon the bond to be given by the contractor, to the term of two years, is unreasonable. But the cases which he cites in support of this contention, all relate to the effect of statutes of limitation upon contracts in existence at the time of their passage. In such cases the statute may, if unreasonable, impair the obligations of a contract, and for that reason be held void. But the principle would not apply to contracts made when the limitation was in force, and when the parties are presumed to have made their contracts with reference to the statute. Thus in Pereles v. Watertown, 6 Biss. 79, a case relied on by appellant, the court said (pp. 83, 84): "When the statute relates to causes of action accruing after the passage, it may be conceded that the power of the legislature is absolute in fixing the time within which an action shall be prosecuted. In such cases, the parties are supposed to have contracted in reference to it, and the question of its impairing the obligation of the contract would not arise."

In the present case, before the passage of the ordinance in question, the subcontractor was without remedy against the city, if the principal contractor failed to pay him. The city, by its ordinance, endeavored to protect the subcontractor by requiring a bond for his benefit, from the contractor. In so doing, it was not unreasonable for the city to require him to take advantage of the security thus voluntarily provided for him, by bringing suit within the period of two years. The remedy provided for him was upon condition that he comply

with the terms upon which it was offered. He must take it upon those terms or let it alone.

The assignment of error is overruled, and the judgment is affirmed.