Purcell et al., Appellants, *v.* Altoona et al.

Argued January 4, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert C. Haberstroh,* for appellants.

*Paul E. Beaver,* City Solicitor of Altoona, for appellees.

OPINION BY Mr. Justice DREW, March 20, 1950:

Six paid employes of the Fire Department of Altoona, a city of the third class, instituted these proceedings for a writ of alternative mandamus to compel

the officials of that municipality to comply with the provisions of the Civil Service Act of May 31, 1933, P. L. 1108, and the Veterans Preference Act of May 22, 1945, P. L. 837. They further ask that certain rulings of the city officials during the last war be declared contrary to the Civil Service Act of 1933 and so invalid. From a judgment refusing their petition, all six plaintiffs have brought this appeal.[1]

On January 21, 1943, the City Council of Altoona adopted a resolution recognizing the existence of a state of emergency caused by the war in which this country was then engaged and suspending the Civil Service Act of 1933, insofar as it applied to appointments. From that time until November 8, 1946, when a further resolution was passed declaring the 1943 resolution no longer applicable, all appointments to the fire department were made on a temporary basis.

Two plaintiffs, Purcell and Books, maintain that, even though an emergency existed, defendants did not have authority to suspend the Civil Service Act of 1933, that it has continued in force and that they are entitled to the benefits which accrued therefrom. Purcell was certified from the Civil Service list of February 6, 1941, and at that time was given a permanent position as hoseman. In the early part of 1947, shortly after defendants reinstated the Civil Service Act of 1933, promotions were made from hoseman to driver, based on the eligibility list of 1942. Purcell was not on that list, inasmuch as he had not held his permanent position of hoseman for the requisite period of two years at the time that list was prepared. He contends, however, that had Civil Service not been improperly suspended from January 21, 1943, to November 8, 1946, the 1942 list

---

[1] It is gravely doubtful whether a joint appeal could be sustained under the circumstances here presented (cf. *Schuetz's Estate*, 315 Pa. 105, 172 A. 865), but, in view of our conclusion on the merits, it is not necessary to pass upon that question.

would have lapsed after two years, and a new examination would have been given, for which he then would have been qualified.

Books was certified on the 1942 list as eligible for promotion to driver. Five days before the resolution of 1943 was passed, and in anticipation of its adoption, he was appointed a temporary driver, but it was not until 1947 that this promotion was made permanent. Books contends that if defendants had not improperly suspended the Act of 1933, he would have automatically become a permanent driver three months after his appointment as temporary driver and would, therefore, have served the requisite two years in that position to qualify him for examination in March 1947, for promotion to reliefman, the next higher rank.

The learned court below held that a state of emergency existed and that under the Act of June 23, 1931, P. L. 932, which sets out in detail the powers of third class cities, defendants were authorized by Section 4407 [2] to pass the resolution of 1943. Purcell and Books contend that Section 4407 of the Act of 1931 was repealed by Section 17 [3] of the Civil Service Act of 1933. We can find no merit in this argument. There is nothing in Section 17 of the Act of 1933 or any other section of that statute which expressly repeals Section 4407 of the Act of 1931, nor is there any inconsistency between Section 4407 and any provision of the Act of 1933. Furthermore, the latter statute contains no provisions

---

[2] This section provides: "In case of riot or emergency, temporary appointments to positions in the civil service may be made without complying with the provisions of this article."

[3] Section 17 provides: "All acts and parts of acts, general, special or local, inconsistent with this act are hereby repealed. It is the purpose of this act to furnish a complete and exclusive system for the appointment, promotion, reduction, removal and reinstatement of all officers, firemen, or other employes of fire departments . . . in all cities of the second and third class wherein such officers and employes are paid."

whatsoever for the exercise by a city of the power of temporary appointment in an emergency. In the absence of an express repeal, it cannot be seriously argued that the legislature intended to set aside a power so vital to the continued safety of a municipality and the protection of its inhabitants and property as that set forth in Section 4407 of the Act of 1931 without providing an adequate substitute. In this connection, we said, in *City Water Co. v. Bethleh'm Boro.,* 231 Pa. 454, 458, 80 A. 984: "[It is] . . . the settled doctrine that a municipal corporation, when exerting its function for the general good, is not to be shorn of its powers by mere implication." It is clear that it was the legislative intent that the essential power contained in Section 4407 of making temporary appointments in case of emergency was to continue in full force and effect after the passage of the Civil Service Act of 1933. Therefore, defendants had authority to suspend, and did suspend, the Act of 1933 during the emergency created by the war, and for this reason, if for no other, the petitions of Purcell and Books were properly dismissed.

Plaintiff Vance, a reliefman, took an examination for the position of lieutenant in March 1947 and failed. To fill eight vacancies then existing in that rank, defendants promoted the one reliefman who had passed that examination and been certified as eligible and seven other reliefmen who had not taken any examination for the position of lieutenant. Vance complains that defendants by so doing wrongfully deprived him of a legal right to compete with those men for promotion. But in no way has Vance been prejudiced by the acts of defendants, for, on December 23, 1947, an ordinance was adopted by defendants reorganizing the fire department and reducing the number of ranks to Chief, Assistant Chief, Officers and Firemen. By this ordinance, the positions of reliefman and lieutenant have been combined into the rank of Officer. If the relief that

Vance now seeks were decreed, its enforcement would be directed by the provisions of this new ordinance and Vance would hold the same position he now has, that of Officer. To sustain the contention of Vance would not benefit him in any way, and it is a fundamental principle that the writ of mandamus will never be granted in cases where, if issued, it would prove unavailing: *Underwood v. Gendell*, 227 Pa. 214, 75 A. 1092. Vance's petition, therefore, was correctly dismissed.

Plaintiff Myers was employed by the fire department in May, 1942, but was not appointed permanently until March 16, 1947, following his separation from the Armed Forces. Because he was not made a permanent employee three months after his initial appointment, as required by the Act of 1933, Myers complains that he has suffered the loss of retirement and employment benefits. However, defendants' retirement benefit plan is a purely voluntary one and after an employee has been accepted into it, the burden is on that employee to meet the requisite contributions. Myers' application was accepted on January 15, 1943, but he did not make his first payment into the fund until December 16, 1946. Whatever loss in retirement benefits Myers has suffered is attributable solely to his own failure to make the necessary payments. Nor has plaintiff offered any evidence to sustain his contention of losses in other benefits. The lower court properly refused his petition.

Van Drew, a veteran, complains that defendants violated the Veterans Preference Act of May 22, 1945, P. L. 837, Section 4,[4] when it appointed two non-veterans

---

[4] Section 4 of this statute provides: "Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position, where no such civil service examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier.

to the position of hoseman-mechanic. To qualify for that position, a member of the fire department must demonstrate that he possesses the requisite technical skill. If he cannot so qualify, he does not come within the scope of the Veterans Preference Act. The record does not substantiate the averment in the petition that Van Drew was technically fitted for the position, but shows merely a desire on his part for such appointment. This is far removed from the prerequisite that the complaining veteran be duly qualified for the job he seeks. In the absence of such evidence, the claim of Van Drew was dismissed without error.

Plaintiff Kimberlin did not aver anything in his complaint nor did he present any evidence to warrant any right to relief. By his own testimony he established only his name, residence, that he was a taxpayer and employed by defendants in the fire department. His petition was, therefore, properly refused.

Before a plaintiff can obtain a writ of mandamus, he must have a right to enforce which is specific, clear, well-defined, complete and legal. Plaintiffs have not been able to establish legal rights which conform to these requirements, and accordingly the court below properly refused to issue the writ.

Judgment affirmed.

---

"Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.

"In making an appointment or promotion to public office where such a civil service examination is required, the appointing or promotional power may give preference to any soldier, who has passed the required examination for appointment or promotion to such position, and possesses the requisite qualifications, although his name does not appear on the eligible or promotional list certified or furnished to the appointing or promoting power."