Commonwealth ex rel. McLaughlin, Appellant, *v.* Erie County.

Argued September 28, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Maurice J. Coughlin,* Assistant City Solicitor, with him *Gerald J. Weber,* City Solicitor, for appellant.

*J. B. Held,* County Solicitor, for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 24, 1953:

This is an appeal from an order of the court below sustaining a preliminary objection in the nature of a demurrer interposed by the defendants, in a proceeding in mandamus to compel the County of Erie to allocate a portion of the monies received by it from the Commonwealth of Pennsylvania Liquid Fuels Tax Fund to

the City of Erie for the years 1945 through 1952 inclusive.

The litigation arises out of the provisions of the Act of May 21, 1931, P. L. 149, as variously amended, the last amendment being the Act of May 29, 1951, P. L. 485, 72 PS §2611j. The original Act of 1931 provided that one-half cent per gallon of the liquid fuels tax after payment into the State Liquid Fuels Tax Fund should be distributed in a ratio not necessary to recite, to the respective counties of the Commonwealth, to be used only for highway and bridge purposes. There was no provision for distribution to political subdivisions other than counties.

By the Act of May 18, 1945, P. L. 803, Section 10 of the Act of 1931 was amended to provide for the deposit of county allocated tax money in a special County Liquid Fuels Tax Fund into which no other money was to be deposited or commingled. The amendment further provided for the allocation by the counties of money out of such fund to the political subdivisions of the county. Certain contingencies and ratios were established to limit the distribution thus authorized. The subsequent amendments to the Act of 1931, including the amendment of 1951, substantially reiterated the language of the 1945 amendment.

Plaintiff's complaint, as amended, averred, inter alia, that since 1945 the County Commissioners of Erie County have received from the Commonwealth's Liquid Fuels Tax Fund annually more than $200,000; that the City was informed and believed that the County would similarly receive a sum in excess of $200,000 on or about December 20, 1952; that the City of Erie on January 3, 1946, September 5, 1947, February 18, 1949, June 23, 1950, January 19, 1951 and December 11, 1951 made demands on the County for a share of the funds the County received (three of these demands

being on forms supplied by the State Department of Highways), but on each occasion the County refused and continues to refuse to allocate to the City any monies from this special fund. The complaint also set forth the mileage and population figures necessary to compute the City's share of the County fund, if it were entitled thereto, in accordance with the ratio of distribution prescribed by Section 10 (b) of the Act of 1931, as amended.

The County filed preliminary objections in the nature of a demurrer setting forth (1) that "The Plaintiff's Complaint does not disclose any claims against the Defendant upon which a judgment could legally be entered in favor of the Plaintiff." and (2) under the Acts of Assembly the disposition of the liquid fuels tax monies by the County Commissioners is discretionary. The court below sustained the first preliminary objection. We are compelled to agree with its action.

It is axiomatic that to succeed in an action of mandamus the complainant must show an immediate and complete legal right to the thing demanded and that a corresponding duty of an imperative nature rests upon the person against whom issuance of the writ is sought: *Travis v. Teter*, 370 Pa. 326, 330, 87 A. 2d 177; *Purcell et al. v. Altoona et al.*, 364 Pa. 396, 72 A. 2d 92. Section 10 (a) of the Act as amended provides ". . . the county commissioners shall not allocate moneys from the county liquid fuels tax fund to any political subdivision within the county, until the application and the contracts or plans for the proposed expenditures have been made on forms, prescribed, prepared and furnished, and first approved by the Department of Highways . . . ."[1] A plaintiff in man-

---

[1] This amending language is identical in all of the amending Acts, 1945 to 1951, inclusive.

damus must show his own compliance with the requirements of a statute: See *Crawford v. Clairton City et al.*, 334 Pa. 120, 5 A. 2d 363. Before the County could be forced to make an allocation from the County fund to the plaintiff, it was incumbent upon the latter to first secure the above stated approval of the State Department of Highways. Plaintiff's complaint does not aver that it obtained or even sought such approval.

We are not impressed by plaintiff's argument that since the application forms supplied by the Department of Highways contained thereon a form of resolution to be passed by the County Commissioners, such resolution had to be adopted before there could be approval by the Highway Department of the City's plans for the proposed expenditures. The prayer of the complaint is not that such resolution be preliminarily passed by the Commissioners but that the writ of mandamus issue to require the Commissioners to distribute a proportionate share of the fund to the appellant. There is no authority for such action by the County Commissioners. Approval by the Highway Department is a condition precedent to any distribution of this fund by a county to any one of its political subdivisions, whether the resolution of the Commissioners precedes or follows the approval by the Highway Department. While the forms supplied by the Highway Department may be lacking in clarity as to the procedure, the Act itself clearly prohibits any allocation until the applicant political subdivision as a prerequisite obtains the prescribed approval by the Highway Department.

There is another reason why plaintiff could not succeed in this action. With respect to the years 1945 to 1951 inclusive, it is apparent that funds for those years could not be reconstructed because the funds allocated each year are required by the Act itself to be

exhausted before new funds would be distributed by the State to the County. Section 10 (a) of the amended Act provides, inter alia, that ". . . The county commissioners of each county shall make to the Department of Highways, on or before the fifteenth day of January and July for the periods ending December thirty-first and June thirtieth, respectively, of each year, on forms prescribed prepared, and furnished by the Department of Highways, a report showing the receipts and expenditures of such moneys received by the county from the Commonwealth under the provisions of this section. Copies of such reports shall be transmitted to the department and to the Department of the Auditor General for audit. Upon the failure of the county commissioners to file any one of such reports, or to make any payments, allocations or expenditures in compliance with the provisions of this section, the department shall withhold further payments to the county out of the Liquid Fuels Tax Fund until the delinquent report is filed, transmitted, or said moneys allocated, or said expenditures for the prior six months are approved by the Department of Highways.". Section 10 (b) of the Act as amended provides that when the unencumbered balance in the County fund exceeds the receipts for the twelve month period immediately preceding the making of either of the two semi-annual required reports, the County must notify its political subdivisions to apply within ninety days for a share in the redistribution and that the County then must distribute said balance to those of its political subdivisions that apply therefor in the ratio prescribed by the Act. It is apparent, as the court below well stated, that the County fund ". . . was created, not as a continuous well-spring to be built up and tapped from year to year as occasion requires, but a fund which must annually be distributed as provided

in the act.". There was, therefore, no fund existing for the years mentioned which the Commissioners could have been compelled to pay to the City. A public officer cannot be commanded by mandamus to perform a duty which no longer attaches to him. See *Commonwealth ex rel. v. Barker,* 211 Pa. 610, 61 A. 253. It is a fundamental principle that mandamus will not issue, as a rule, where it is apparent that the writ will be futile or ineffectual by reason of the inability of the respondent to comply therewith. Although want of funds may not be conclusive ground against issuing the writ, and may not always prevent such issuance, the court in its discretion may refuse the remedy if it is satisfied that the respondent has not the necessary money or the means of procuring it to comply with the mandate: 34 Am. Jur., Mandamus, §106. There were no means by which the Commissioners could procure the money for prior years, even if the City had shown itself entitled to it.

As to plaintiff's right to share in the funds for the year 1952, its complaint contains only the bare allegation that it is informed and believes that on or about December 20, 1952 the Commonwealth would pay to the County of Erie a sum in excess of $200,000 on account of the Commonwealth's collections of the liquid fuels tax. There is no averment in its complaint that an unencumbered balance existed which would bring Section 10 (b) into operation nor is this anywhere admitted in the pleadings, as plaintiff erroneously alleges in its brief. Under Section 10 (a) of the amended Act the County is authorized to use the monies received from the State ". . . for the purpose of construction, reconstruction, maintenance, and repair of roads, highways and bridges, including the payment of property damage, now due or hereafter to become due, occasioned by or the relocation or construction of high-

ways and bridges, and for the payment of interest and sinking fund charges on bonds issued or used for highways and bridge purposes, or on so much of any bonds as have been used for such purposes, and all such payments heretofore made are hereby validated: . . .". Plaintiff states that the County has no county owned roads or bridges and therefore there must have been a balance for distribution out of the monies received by the County in 1952. However, there is no such averment in the complaint and even if the County had no county owned roads or bridges at the time the funds were received, such funds could be completely consumed in the construction of a new highway or the payment of property damage claims. The court was not free to assume that an unencumbered balance existed and any order made by it would necessarily have been predicated on a purely hypothetical figure.

As this Court has stated many times, mandamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case: *Purcell et al. v. Altoona et al.*, supra; *Angelotti v. Rankin Borough et al.*, 341 Pa. 320, 19 A. 2d 398.

The burden of proof was on the plaintiff to establish a prima facie case by clearly alleging that the County Commissioners had a definite sum on hand unencumbered for County purposes. This it failed to do.

The other grounds relied upon by the court below in sustaining defendant's demurrer are not treated in this discussion for in the absence of a right to enforce which is specific, clear, well defined, complete and legal, plaintiff failed to meet the "sine qua non" of a complaint in mandamus and accordingly the court below properly refused to issue the writ.

Order affirmed; costs to be paid by appellant.