## Commonwealth ex rel. Alessandroni *v.* Confluence Borough, Appellant.

Argued October 2, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Joseph N. Cascio,* with him *Robert I. Boose,* and *Fike, Cascio & Boose,* for appellants.

*Carl L. Mease,* Assistant Attorney General, with him *Thomas W. Corbett,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1967:

On May 11, 1961, after hearing, the Sanitary Water Board of the Commonwealth ordered that: "(1) the Borough of Confluence, Somerset County, shall discontinue its discharge of untreated sewage to the Casselman River within 2 years; (2) the Borough of Confluence, Somerset County, shall take immediate steps for the construction of such sewage treatment works as may be necessary for the treatment of its sewage".[1]

On August 12, 1963, as a result of the apparent failure of the appellants to comply with the order, the Commonwealth on relation of the Attorney General at the instance of the Sanitary Water Board commenced

---

[1] The Sanitary Water Board's order was rendered pursuant to the authority granted it under the Act of June 22, 1937, P. L. 1987, 35 P.S. §§691.201-691.210.

this action of mandamus, seeking to require appellants to take immediate steps for the construction of such sewage treatment as may be necessary for the treatment of its sewage.[2] Appellants answered the complaint in mandamus by alleging that they were willing to comply with the order and had taken immediate steps to comply therewith, but their efforts were frustrated because of their inability to raise the necessary funds for the construction of a sewage treatment plant by any method authorized by law. The Commonwealth thereafter moved for a summary judgment under Pa. R. C. P. 1098. After an answer was filed by appellants and argument on the motion was heard, the court below, in the exercise of its discretion, entered a judgment in essence commanding the appellants: (1) to discontinue the discharge of sewage into the waters of the Commonwealth and (2) to construct such sewage treatment works as may be necessary for the treatment of sewage. Appellants now appeal to our Court from the action of the lower court maintaining that mandamus should not issue where it is apparent that the writ will be futile and ineffectual by reason of the inability of a respondent to comply therewith, and cites as their authority: *Commonwealth ex rel. McLaughlin v. Erie County*, 375 Pa. 344, 100 A. 2d 601 (1953).

The *Erie* case is readily distinguishable from the present situation. In that case we were confronted with the problem of authorizing the allocation of money from a fund which was no longer in existence. Of course, under those circumstances, a judgment in mandamus compelling the payment of moneys from a non-

---

[2] The failure of appellants to comply with the order of the Board merited the intervention of the Attorney General. "The Clean Stream Law" clearly authorizes the Attorney General at the instance of the Sanitary Water Board to enforce the provisions of the Act by an action of mandamus. Act of June 22, 1937, P. L. 1987, 35 P.S. §691.210.

existent fund would be a "futile and ineffectual" act. However, the judgment entered in the *Erie* case is vastly different from the judgment entered in this case.[3] Here, the principal effect of the judgment entered by the court below was to direct the Borough of Confluence to cease and desist the discharge of sewage into the Casselman River because such discharge was polluting the waters of the Commonwealth. In addition, the court below ordered the appellants to construct facilities for the treatment of such sewage.

The appellants' allegation that it is not financially feasible at this time for them to construct sewage treatment works is not a sufficient basis to sustain their contention that a judgment in mandamus would be a "futile act". There is no indication in the pleadings that appellants have exhausted every possible avenue in an effort to find some way of financing this sewage construction. The problem of water pollution has deeply troubled our federal and state governments for many years. In response to these problems there have been and will continue to be a number of governmental programs designed to alleviate these conditions. New methods of financing in this area are being developed constantly for those who heretofore have been unable to raise the necessary funds. Moreover, while we recognize that the procuring of suitable financing may be fraught with many difficulties, the appellants still have not demonstrated to our satisfaction that it would

---

[3] In the instant case appellants request us to find an abuse of discretion by the lower court in *issuing* a writ of mandamus, citing the *Erie* case as authority for their position. On the contrary, it is sufficient to say that in *Erie* we merely held that the lower court did not abuse its discretion by *refusing to issue* a writ of mandamus. The *Erie* case only serves to determine what will not constitute an abuse of discretion and does not provide any authority, as appellants would have us believe, on what will constitute an abuse of discretion.

be a "futile act" to require them to comply with the order of the court below.

The entry of a judgment in mandamus is a matter for the discretion of the court and we will not interfere with the lower court's determination thereof in the absence of a clear abuse of discretion. *Verratti v. Ridley Township*, 416 Pa. 242, 246, 206 A. 2d 13, 14 (1965); *Travis v. Teter*, 370 Pa. 326, 330, 87 A. 2d 177, 179 (1952). Here there is no showing of a clear abuse of discretion by the lower court. The inability of appellants to obtain financing to plan and construct sewer facilities to abate the sewage discharge is not a defense to a mandamus action, but rather may be a factor to be considered and evaluated by the court in any proceeding by the Commonwealth to enforce the judgment.[4] The continued failure of appellants to take immediate action to abate the discharge of sewage into the Casselman River can only serve to enhance the probability of a deleterious effect to those exposed to the contamination. We direct appellants to comply with the order of the court below forthwith.

Judgment affirmed.

---

[4] If we were to hold that financial inability is a defense to an action of mandamus, it would put our Court in the anomalous position of rendering "futile and ineffectual" a clearly defined public policy as enunciated by the legislature in the Act of June 22, 1937, P. L. 1987, 35 P.S. §691.3. This section provides: "The discharge of sewage or industrial waste or any noxious and deleterious substances into the waters of this Commonwealth, which is or may become inimical and injurious to the public health, or to animal or aquatic life, or to the uses of such waters for domestic or industrial consumption, or for recreation, is hereby declared not to be a reasonable or natural use of such waters, to be against public policy and to be a public nuisance". Furthermore, such a result would render the courts of Pennsylvania powerless to implement this legislative determination and in effect would sanction the harmful discharge of sewage into the waters of the Commonwealth.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Whether mandamus should *eventually* issue in this case is *not* the concern of this Court in the present appeal. We are asked to decide merely if granting of summary judgment was proper. The majority concludes that it was. I do not agree.

As the lower court opinion correctly notes: "The motion for summary judgment admits the allegations in the defendants' answer to the complaint in mandamus and also the allegations in defendants' answer to the motion for summary judgment. . . ." Thus, examining the allegations contained in appellants' answer, allegations that must be accepted as true, the following is clear. Although appellants admit that they have not yet complied with the Water Board's order, they claim that this failure has resulted from their complete inability to raise the essential funds by any lawful means. Specifically, they aver (1) that they have no funds on hand; (2) that the Borough does not have sufficient borrowing capacity under law to raise this money; (3) that the only possible way to raise the money would be by the issuance of non-debt revenue bonds which can only be issued upon the request of the Water Board, which request has not been made; and (4) that therefore the ordered project cannot be financed at this time "in any manner."

These allegations completely negate the majority's statement that "[t]here is no indication in the pleadings that appellants have exhausted every possible avenue in an effort to find some way of financing this sewage construction." Quite to the contrary, for purposes of summary judgment under these pleadings it must be assumed as true that appellants *have* "exhausted every possible avenue." It thus logically follows that a sine qua non for the grant of summary judgment in this case would have to be a rule of law that complete financial inability to perform an other-

wise required duty will still not preclude the issuance of mandamus. I fail to find any authority whatsoever for such a principle. In fact, appellee's own brief is rife with statements that seem to admit financial impossibility as a defense. For example, on page 12 of its brief appellee states: "The appellants have not alleged any facts to show that it was financially impossible to comply with the order of the Board." Not only is this statement absolutely incorrect, but it also implies quite strongly that appellee does indeed recognize this defense of financial impossibility. Moreover, the majority opinion itself contains similar language, quoted, supra.[1]

Appellee frankly admits that "[i]f, in fact, the appellants are able to show beyond any doubt that . . . construction of a sewage treatment works and necessary sewers is an absolute impossibility because they cannot borrow or obtain sufficient funds, this can be presented as a defense in a contempt proceeding to en-

---

[1] Although, later in its opinion, the majority does declare that financial impossibility should not be a defense at all, this assertion is grounded upon the totally fallacious assumption, set out in footnote four of that opinion, that a financial impossibility defense would render the Court powerless to enforce the Act of June 22, 1937, P. L. 1987, §3, 35 P.S. §691.3, and would "*sanction* the harmful discharge of sewage into the waters of the Commonwealth." (Emphasis supplied.) To allow a borough to escape the harshness of mandamus only upon a clear showing that it cannot possibly comply with the order is certainly not a sanctioning of pollution. Somehow, the majority incorrectly assumes that as a result of this defense being available, every township, borough, city, etc., will be able to successfully assert it. Furthermore, when the majority, in this same footnote, says that accepting appellants' defense would "put our Court in the anomalous position of rendering 'futile and ineffectual' a clearly defined public policy as enunciated by the legislature. . . ." it obviously fails to realize that by calling "futile" the attempt of one borough to pay for something with funds it does not possess, no one is suggesting that it would be futile to enforce the public policy of keeping our waters clean.

force the judgment."[2] I submit that to hold a defense valid in a contempt proceeding to enforce the same mandamus whose original issuance could not have been avoided by interposing that same defense would be absolute judicial folly.

I realize that *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 100 A. 2d 601 (1953), relied upon by appellants, is both factually and procedurally distinguishable from this case. But the *statements of law* contained therein *are* still very much applicable to the present controversy. As this Court there noted: "It is a fundamental principle that mandamus will not issue, as a rule, where it is apparent that the writ will be futile or ineffectual by reason of the inability of the respondent to comply therewith." Whether financial inability to comply should be equated with futility, in any given case, must be determined by the court in its discretion. See *Erie County,* supra. The obvious import of this discretionary standard is that the court must determine how close the financial hardship comes to equalling futility. Therefore, unless the trial court judge be possessed of some clairvoyant power, I fail to see how he could grant summary judgment in a case where the defendant pleads facts, which if proven would establish a *complete* lack of finances, and the *total* impossibility of performance. It is quite true that the appellee has alleged facts which indicate that the appellants have *not* exhausted all possible means. However, conflicting allegations merely create material issues of fact which must be resolved before the trial

---

[2] The majority opinion contains similar language: "The inability of appellants to obtain financing to plan and construct sewer facilities to abate the sewage discharge is not a defense to a mandamus action, but rather may be a factor to be considered and evaluated by the court in any proceeding by the Commonwealth to enforce the judgment."

court can possibly exercise its discretion, and cannot be resolved on the basis of pleadings alone.

It is therefore my opinion that the summary judgment below should be vacated, and that the lower court should hear this case on the merits.

I dissent.

Mr. Chief Justice BELL joins in this dissenting opinion.