Ringler and Local 1803 I.A.F.F. *v.* Reading, et al.

Argued February 8, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas J. Calnan, Jr.,* with him *Stamberg, Caplan, Calnan & Behrle,* for appellants.

*Robert F. Shapiro,* Assistant City Solicitor, with him *Calvin Lieberman,* City Solicitor, for appellees.

OPINION BY JUDGE WILKINSON, March 1, 1972:

This is an appeal by the President of Local 1803 of the International Association of Fire Fighters individually, as well as by the Local itself, from a decision of the Court of Common Pleas of Berks County sustain-

ing the appellees' Preliminary Objections in the nature of a demurrer to the appellants' Complaint in Mandamus. The prayer of the Complaint in Mandamus was to require appellees, The City of Reading, its Mayor and Councilmen, to appoint an arbitrator and proceed to arbitration of a dispute it claims constitutes a grievance under the labor contract between the parties. We must affirm the lower court's order sustaining the demurrer.

The specific dispute involves the method of selection of an individual to fill the position of Assistant Fire Chief, Bureau of Fire.

The collective bargaining contract between the parties, effective January 1, 1971, provides in Article 5, Section 2, that "the City agrees to fill all vacancies, temporary or permanent, other than those within Section 1, according to promotion which shall be based upon merit, in accordance with the rules and regulations of the Fire Department Civil Service Board where they apply." (Section 1 deals with filling vacancies in non-supervisory or non-administrative positions, a matter not here in dispute.)

According to the appellants' Complaint, which is conceded to be correct by the appellees' demurrer, the City proposed to fill the vacancy in the position of Assistant Fire Chief in accordance with the provisions of an ordinance passed on July 1, 1970. The method established by Section 5(f) of this ordinance is (quoting from appellants' Exhibit B) " 'the Firemen's Union shall nominate and City Council shall appoint an Assistant Fire Chief . . .' from among the members of the volunteer fire companies."

The primary thrust of appellants' argument to this Court is that they have a right to have an arbitrator determine whether this is a grievance and, if he determines that it is, then for the arbitrator to determine the merits. We cannot agree.

Appellants' argument loses sight of the fact that this is an action in mandamus where they must prove a clear right to the act demanded and establish that the City is under a manifest duty to have arbitrators appointed. The clearest statement of this is found in the opinion of our Supreme Court sustaining the decision of Judge LAUB, now Dean of the Dickinson School of Law and Court Reporter of this Court, in *Commonwealth ex rel. McLaughlin v. Erie County*, 375 Pa. 344, 347, 100 A. 2d 601, 603 (1953), wherein it stated: "It is axiomatic that to succeed in an action of mandamus the complainant must show an immediate and complete legal right to the thing demanded and that a corresponding duty of an imperative nature rests upon the persons against whom issuance of the writ is sought: (citing cases)." The right to have an arbitrator appointed is dependent upon whether the subject in dispute is covered by the arbitration agreement. It is true that, in many instances, an arbitrator may determine that the subject matter which has been submitted to him is not covered by the arbitration agreement. This is simply his determination that the party requesting arbitration had no right to it.

This is not at all similar to *Harleysville Mutual Insurance Company v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968). That case was an action in equity by the insured to enjoin arbitration, pending judicial determination of the validity of the insurer's disclaimer of coverage. Our Supreme Court held in that case, with an able opinion by Justice O'BRIEN, that the lower court was correct in holding that the matters in issue, i.e., forfeiture of coverage and compliance by the insured with all conditions precedent to any right against the carrier, were subjects covered by the arbitration clause of the contract. Here, the lower court has found that

the matter in dispute is not covered by the arbitration clause in the contract and we agree.

The other case relied upon by appellants is *Pittsburgh City Fire Fighters Local No. 1 v. Barr,* 408 Pa. 325, 184 A. 2d 588 (1962), where our Supreme Court held that a dispute over a formula for fixing future wage increases was a grievance involving wages, hours and working conditions. The dissenting opinion would have held that although dissatisfaction over present wages was clearly a grievance subject to arbitration, nevertheless, dissatisfaction over a formula for future wages was not. This case is against the position asserted by appellants. It certainly is clear from this case that both the majority and the dissenting Justices agreed that if the dispute did not constitute a grievance, as the lower court here found, then the Preliminary Objections in the nature of a demurrer would have been sustained.

Any doubt on this matter was removed by opinion of Justice ROBERTS writing for a unanimous court in *Washington Arbitration Case,* 436 Pa. 168, 259 A. 2d 437 (1969). In that case our Supreme Court modified an arbitration award to exclude the requirement that the City of Washington pay premiums on hospitalization insurance covering persons other than employees. "We reach this result by quite frankly reading into the enabling legislation the requirement that the scope of the submission to the arbitrators be limited to conflicts over legitimate terms and conditions of employment. Were this not so, virtually any issue could be submitted to the arbitrators under the guise of a labor conflict." 436 Pa. at 176-77, 259 A. 2d at 422.

On the substantive question of whether the method of selection of an assistant fire chief constitutes an arbitrable grievance, we quote from the opinion of Judge BERTOLET:

"First, it is noted that Article 5, Section 2, of the contract above quoted obligates the city to fill vacancies by promotions based upon merit in accordance with the rules of the Fire Department Civil Service Board *'where they apply'* (emphasis added). The Act of Assembly governing appointments to and promotions in paid fire departments based upon merit in cities of the third class (which includes the defendant City) specifically excepts the chief and deputy chiefs. Act of May 31, 1933, P. L. 1108, Section 1, 53 P.S. §39861. By inference, we believe this exception likewise includes assistant chiefs. We are, therefore, of the opinion that the contract does not apply to the 'grievance' in the instant case.

"Second, the plaintiffs contend that a grievance exists whenever any union member *'feels* aggrieved' about anything and that under Article 16 of the contract the City must arbitrate any kind of grievance with the plaintiffs. We disagree. We note that the grievance and arbitration provisions contained in Article 16 starts with—'Should any employee or group of employees feel aggrieved concerning his or their wages, hours, or conditions of employment including any claim of unjust discrimination and any matter or condition affecting his or their health and safety, adjustment shall be sought as follows. . . .' We are of the opinion that the selection of an assistant fire chief by the City does not come under such provision.

"Third, in respect of the statutory right to collective bargaining given to policemen and firemen by the Act of June 24, 1968, P. L.    , No. 111, Section 1, 43 P.S. §217.1, such right is 'concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits.' We are again of the opinion that the grievance in the instant case, viz., concerning the

appointment of an assistant fire chief, is not covered by said Act."

Order affirmed.