Commonwealth of Pennsylvania, Plaintiff *v.* Borough of Reynoldsville and Reynoldsville Sewage Authority, Defendants.

Argued November 2, 1978, before Judges WILKIN-SON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*R. Edward Ferraro,* for defendants.

*Howard J. Wein,* Assistant Attorney General, for plaintiff.

PER CURIAM OPINION, December 19, 1978:

This case was commenced when the Commonwealth of Pennsylvania, Department of Environmental Re-

sources (DER), filed in this Court a complaint in equity addressed to our original jurisdiction. The DER sought to compel the Borough of Reynoldsville (Borough) and the Reynoldsville Sewage Authority (Authority) to upgrade an existing primary sewage treatment plant so as to provide secondary treatment of the sewage. The matter is now before the Court on the Borough's exceptions to the adjudication issued after a hearing before the Chancellor, Judge BLATT.

On July 7, 1959, the Sanitary Water Board issued a permit to the Authority for the construction of sanitary sewers and a primary sewage treatment plant. On April 1, 1963, the Authority and the Borough entered into an agreement and lease whereby the Borough agreed to lease the sewer system from the Authority. They also entered into a management agreement whereby the Authority was appointed general manager of the sewer system, subject to the general supervision, direction, and control of the Borough.

On January 28, 1970, the Sanitary Water Board issued an order to the Authority which modified its permit by requiring that the treatment plant be upgraded "expeditiously" to provide secondary treatment of its sewage. The order was not appealed, and the Authority subsequently applied to the United States Environmental Protection Agency (EPA) for a grant for construction of secondary treatment facilities. The EPA awarded a grant for 75 percent of the cost, and the Appalachian Regional Commission granted an additional 5 percent.

On March 25, 1975, the Authority and the Borough held a special meeting at which the Authority members voted 2 to 1 in favor of proceeding with the upgrading of the treatment plant, but the Borough Council voted unanimously against proceeding. Due to the legal and financial relationship between the Borough

and the Authority, however, the Authority could not undertake the treatment plant modifications necessary for compliance with the order without the assent and support of the Borough, and repeated attempts by the parties to negotiate the dispute were unsuccessful. The DER (successor to the Sanitary Water Board) then sought an injunction from this Court compelling the Borough and the Authority to upgrade their treatment plant.

On March 7, 1978, the Chancellor, after a hearing, issued an adjudication and decree nisi which found that the Authority had not complied with the DER's order and that the Borough was preventing the Authority from complying with the order thereby allowing the discharge of inadequately treated sewage into the waters of the Commonwealth. The Borough and the Authority were then ordered to take those actions necessary to comply with the order, and the Borough filed exceptions challenging the following conclusions of law:

7. The DER is entitled to affirmative relief against the Borough since it has permitted the Authority to discharge inadequately treated sewage into waters of the Commonwealth.

8. The financial status of the Borough is not a defense to the instant action but can be raised in a contempt proceeding to enforce an order of this Court.

As to conclusion number 7, we believe that the issue was adequately and properly resolved in the adjudication which said in part:

Both the Borough and the Authority admitted in their respective answers to DER's complaint in equity that due to the legal and financial relationship between the Borough and the Authority, the Authority cannot undertake

the treatment plant modifications necessary for compliance without the assent and support of the Borough. Moreover, the evidence indicates that the Borough Council had knowledge of the DER order amending the Authority's sewage plant permit to require secondary treatment and unanimously voted to withhold the support necessary for the Authority to upgrade the sewage treatment plant. These facts support the conclusion that the Borough knowingly permitted the Authority to discharge sewage whose treatment violated the Authority's amended permit in violation of Section 202 of the Clean Streams Law, 35 P.S. §691.202.[1]

We believe the Borough's exception to conclusion number 8 to be likewise without merit because its financial ability to comply with the order is not relevant here where the purpose of the DER is to establish a legal duty. As our Supreme Court has explained:

> The ability of a municipality to comply with a DER order, for technological or economic reasons, may be relevant in a proceeding *to enforce* a DER order. This is not such an action however. The appeal from the issuance of the order serves only to determine the validity and content of the order. ...
>
> If, at some future date, the Commonwealth seeks *to enforce* such an order by mandamus, contempt or other action, courts would then be required to examine the municipality's ability to comply with the order. (Emphasis added.)
> (Footnote omitted.)

*Ramey Borough v. Department of Environmental Resources,* 466 Pa. 45, 49, 351 A.2d 613, 615 (1976). *See*

---

[1] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.202.

*Commonwealth ex rel. Alessandroni v. Confluence Borough,* 427 Pa. 540, 234 A.2d 854 (1967).

Although the Supreme Court was dealing there with an appeal of a DER order, we think that its reasoning is equally applicable in this equity action. The crucial test in either event is whether or not the proceeding is one for enforcement, and we believe that this proceeding is not. The Borough was not a party to the DER's order, and the DER is here attempting to establish the Borough's obligation to cooperate with the Authority in complying with the DER's order. The financial status of the Borough is not relevant to the determination as to its duty to cooperate.

We will therefore dismiss the exceptions of the Borough, and affirm the Chancellor's decree nisi.

### ORDER

AND Now, this 19th day of December, 1978, the exceptions of the Borough of Reynoldsville are dismissed, and the Prothonotary is directed to enter the Chancellor's decree nisi as the final decree of the Court in this matter.