## Healy v. Borough of Westmont

*J. Douglas Wolfe*, for plaintiff.
*Robert E. Thomas*, for defendant.

CREANY, *J.*, May 28, 1981—In November, 1975, Arthur, Gertrude, and Leonard Cohn acquired an eight-acre property in Westmont (Parkview Forest

Development). The Borough Council approved a plan of lots submitted by the Cohns April 23, 1976, which provided for the construction of roads, sanitary sewers, and storm sewers. The Cohns gave oral assurances and subsequent written assurance, June 29, 1977, to the borough that said improvements would be constructed.

At or about the end of 1978, the developers abandoned the plan. The borough initiated suit, (December 11, 1979) on the written agreement which resulted in various default judgments against the several developers.

The present action is brought by owners of two properties in the development seeking mandamus to have the borough complete said improvements. Presently, the court is involved with the disposition of numerous preliminary objections raised by defendant.

## DEMURRER

Defendant asserts that the complaint is deficient in that it fails to set forth any duty on the part of defendant upon which a cause of action in mandamus can be based.

"It is axiomatic that to suceed in an action of mandamus the complaint must show an immediate and complete legal right to the thing demanded and that a corresponding duty of an imperative nature rests upon the person against whom issuance of the writ is sought [citations omitted]." Com. ex rel. McLaughlin v. Erie County, 375 Pa. 344, 347, 100 A. 2d 601 (1953); 11 Standard Pa. Pract., Mandamus §54; Pa.R.C.P. 1095(3).

Plaintiff asserts that defendant is organized under The Borough Code of February 1, 1966, P.L. (1965) 1156, 53 P.S. §46201 et seq. and that section

1735 of that code was in effect during the developments of this case. (Complaint, paragraphs 2, 5). This section provides that no streets or any drainage facilities in connection therewith shall be constructed, or dedicated, or opened to travel unless said street plans comply with the rules and regulations of council and receive the approval of Council. Boroughs have enjoyed this power to preview street plans since May 9, 1929 P.L. 1706, No. 552. Section 1735 places no affirmative duty upon the borough council to require completion of construction or the posting of security for said construction prior to approving the planned streets, although the second paragraph of the section relates to situations where such preconditions *may* be imposed. This provision in the second clause was added by July 19, 1951, P.L. 1026, No. 217, the same act that first empowered boroughs to pass subdivision and land development ordinances and to require construction or security for construction prior to approval of any subdivision plan.

Plaintiff asserts that Westmont Borough Ordinance No. 520 was likewise in effect at all times relative to the complaint. This ordinance merely sets forth specifications for construction of streets, said streets to be accepted and maintained by the borough only after the street plan has been approved by the borough and the streets have been constructed as per the specifications: Westmont Borough Ordinance 520 §5, December 8, 1975. This ordinance does not establish the duty that plaintiff asserts but merely prescribes the regulations contemplated under 53 P.S. §46735.

Finally, Plaintiff asserts that the provisions of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10501 et seq., require defendant to complete the construction of the improvements for the Parkview Forest

Plan. While section 10509 of said code does establish a duty upon municipalities to require completion of improvements or secured guarantee thereof prerequisite to final approval of a subdivision plot, it must be observed that this code is merely enabling legislation. See 53 P.S. § 10101, Historical Note, Title of Act. Article V of this code, relating to subdivision and land development, is replete with references to "where" boroughs enact or that the Borough of County "may" enact a subdivision and land development ordinance.

Plaintiff relies on Safford v. Bd. of Comm. Annville Township 35 Pa. Commonwealth Ct. 631 (1978), for the proposition that when a municipality fails to exact the prerequisites to approval set out in § 10509 and the developer defaults the municipality has the duty to complete the improvements. A close reading of Safford discloses that any duty created by section 10509 is entirely contingent upon the borough enacting a subdivision and land development ordinance. In the instant matter, plaintiff does not refer to a Westmont Borough subdivision and land development ordinance and therefore the complaint is fatally deficient in that it does not designate an imperative duty which defendant can be compelled to perform:* Pa.R.C.P.

---

*The court is aware that Westmont Borough adopted the Pennsylvania Municipalities Planning Code, July 31, 1968, P.L. 805, as amended, June 1, 1972, P. L. 333, by Ordinance No. 542, July 11, 1977. Also, the court is aware that Ordinance No. 541, July 11, 1977, amended Ordinance 520 to incorporate the prerequisites to approval of a plot plan set forth in section 509 of the Pennsylvania Municipalities Planning Code, 53 P.S. § 10501 et seq. This legislation does not impact on the present matter in that the street plans were approved by Council and recorded prior to these enactments. See Stigelman v. Millersville Borough Council, 59 Lanc. 359 (1965); Borough of Westmont v. McCaffrey No. 1979-6225, Cambria County Common Pleas.

1095(3). This determination obviates the issues raised by the other preliminary objections.

Accordingly, the court enters the following

## ORDER

And now, May 28, 1981, after consideration of the pleadings, briefs, arguments, statutory and case law on the issues raised, defendant's demurrer to the complaint is sustained and the complaint is dismissed.