**Commonwealth v. Irwin Borough**

*William M. Gross, Carl L. Mease,* Assistant Attorneys General; *William C. Sennett,* Attorney General, for Commonwealth.

*Alan K. Berk, Costello & Snyder,* for defendants.

SHELLEY, J., August 28, 1969.—This matter is before us on the motion of the Sanitary Water Board (hereinafter referred to as "the board") for judgment on the pleadings in a mandamus action pursuant to section 210 [1] of the Act of June 22, 1937, P. L. 1987, 35 PS §691.210, commonly referred to as the Clean Streams Act.

On May 21, 1964, the board, after hearing, made the following order:

"AND NOW, to wit, this twenty-first day of May, 1964, it is ordered that:

"1. The Borough of Irwin, Westmoreland County, shall discontinue its discharge of sewage into Bush Creek within two years.

"2. The Borough of Irwin, Westmoreland County, shall take immediate steps for the construction of such sewage treatment works as may be necessary for the treatment of its sewage."

No appeal was taken by defendants (hereinafter referred to as the borough) from the order of the board.

---

[1] Section 210 of the Act of 1937 provides:

"Any municipality upon whom an order of the board is served to abate its discharge of untreated or inadequately treated sewage, shall, unless said order to abate said discharge be reversed on appeal, take steps for the acquisition or construction of a sewer or sewerage system or sewage treatment works, or both, . . . as may be necessary for the treatment of its sewage, in compliance with the order of the board. . .

"The Attorney General, at the instance of the board, may enforce this provision of the act by action of mandamus."

On relation of the Attorney General and at the instance of the board, a complaint in mandamus was filed on September 9, 1968, pursuant to section 210 of the Act of 1937, supra. The complaint avers that for more than two years from the date and service of the adjudication, the borough has not discontinued the discharge of its sewage into the waters of the Commonwealth and has not constructed a sewage treatment works for the treatment of its sewage.

The borough filed an answer to the complaint in which it was admitted that there was a failure to construct sewage treatment works as directed by the order aforesaid. In further answer to the complaint, the borough averred that engineers were contacted who made serious studies of design for the construction of the sewage facility necessary to comply with the order of the board and the engineers recommended to the borough the construction of a joint facility with the adjoining municipalities of North Huntingdon Township and the Borough of North Irwin, and that without such joinder it would be impossible for the borough to procure financial assistance for the construction of such facility, and that the construction by the borough is beyond its constitutional taxing power.

The borough also avers in its answer that the Westmoreland County Planning Association and the Southwestern Regional Planning Association will not approve the construction of a sewage disposal facility by the Borough of Irwin alone [2] and that without the approval it is impossible for the borough to procure financial assistance for the construction of a sewage disposal facility.

It is also averred in the answer that the borough has made numerous efforts to secure cooperative action

---

[2] Article I, sec. 105, of the Pennsylvania Municipalities Planning Code of July 31, 1968, (Act no. 247), 53 PS §10105 p.p., provides ". . . that any recommendations made by any planning agency to any governing body shall be advisory only."

from the aforesaid North Huntingdon Township and Borough of North Irwin and that, through no fault of its own, it has not been able to conclude agreements with the aforesaid municipalities; and that failure to secure such agreement has made compliance with the order fiscally impossible.

On May 21, 1969, judgment in mandamus was entered against North Huntingdon Township et al.[3] commanding the discontinuance of the discharge of sewage into the waters of the Commonwealth and the construction of such a sewage treatment works as may be necessary for the treatment of its sewage.

There is no averment in the borough's answer that any order has ever been issued by the board to the borough of North Irwin directing it to discontinue the discharge of sewage into the waters of the Commonwealth or to take steps for the construction of a sewage treatment facility for the treatment of its sewage. Neither is there any averment in the borough's answer that the Borough of North Irwin owns or maintains any sewer system which would make it subject to the provisions of the Clean Streams Act. Article II, sec. 202, of the Clean Streams Act, supra, 35 PS §691.202, provides that "Any municipality discharging sewage from any sewer system owned or maintained by the municipality . . . shall discontinue the discharge of sewage into or in such manner as to cause pollution of the waters of this Commonwealth upon the order of the board. . . ." Accordingly, any joinder by North Irwin Borough in the construction of a joint facility would have to be on a voluntary basis.

The principal thrust of the borough's position is that while some steps have been taken toward compliance with the law and the order of the board, it is unable to comply because of the inability to obtain

[3] 91 Dauph. 106 (1969).

financing. To support its position the borough relies on Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344 (1953). In Commonwealth ex rel. Alessandroni v. Confluence Borough, 427 Pa. 540 (1967), defendant relied for its noncompliance of the board's order on its financial inability to comply and cited the Erie case in support of its position. Mr. Justice Cohen, speaking for the majority of the court in the Confluence Borough case, said, on page 542:

"The Erie case is readily distinguishable from the present situation. In that case we were confronted with the problem of authorizing the allocation of money from a fund which was no longer in existence. Of course, under those circumstances, a judgment in mandamus compelling the payment of moneys from a non-existent fund would be a 'futile and ineffectual' act. However, the judgment entered in the Erie case is vastly different from the judgment entered in this case. Here, the principal effect of the judgment entered by the court below was to direct the Borough of Confluence to cease and desist the discharge of sewage into the Casselman River because such discharge was polluting the waters of the Commonwealth. In addition, the court below ordered the appellants to construct facilities for the treatment of such sewage."

Financial or other hardship will not excuse compliance with the mandates of the law or the board. We have held on numerous occasions that the inability of the municipality to obtain financing to construct sewerage facilities and to abate the unlawful sewage discharge is not a defense to a mandamus action but rather is a factor which may be considered by the court in a proceeding by the Commonwealth to enforce the judgment in mandamus: Commonwealth ex rel. Alessandroni v. Borough of Confluence, 87 Dauph. 214 (1967), affirmed by the Supreme Court in 427 Pa. 540 (1967), supra. See also Common-

wealth ex rel. Sennett v. Dunbar Township, 89 Dauph. 357 (1968), and cases cited therein; also Commonwealth ex rel. Sennett v. Borough of Cokeburg, 89 Dauph. 362 (1968). Nor is it material that the borough may have to exceed or closely approach its assessed valuation or incur expenditures in excess of its constitutional limit for bonded indebtedness. Municipalities are given the authority to issue nondebt revenue bonds to finance any public works, undertakings or facilities by the Act of June 25, 1941, P. L. 159, art. VI, sec. 620, 53 PS §6620: Commonwealth ex rel. Alessandroni v. Borough of Tionesta, 87 Dauph. 204 (1967).

Accordingly, we conclude that the borough does not state a legal defense to the board's cause of action and that judgment must be entered in favor of plaintiff and against the borough. We, therefore, make the following.

### ORDER

And now, August 28, 1969, judgment is entered against defendants, and each of them is commanded:

1. To discontinue the discharge of the sewage into the waters of the Commonwealth; and

2. To construct such sewage treatment works as may be necessary for the treatment of the sewage.

The prothonotary is directed to forthwith give notice of this order to all parties or their counsel. Costs to be paid by defendants.